[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-11815
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 25, 2010
JOHN LEY
CLERK

D.C. Docket No. 1:09-cr-00181-KD-M-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAYFORD JAMES WILLIAMS, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(October 25, 2010)

Before TJOFLAT, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Rayford James Williams, Jr. appeals his convictions and 70-month sentence

for possession of a firearm by a convicted felon, in violation of 18 U.S.C. §

922(g)(1), and for possession of crack cocaine, in violation of 21 U.S.C. § 844(a). The charges arose when law enforcement officials executing a search warrant found a semi-automatic pistol and crack cocaine in the bedroom where Williams was sleeping. On appeal, Williams argues that the government failed to produce sufficient evidence to sustain either conviction because it failed to show that he knowingly possessed the firearm or the crack cocaine. He also argues that his sentence was unreasonable because the district court failed to properly consider the 18 U.S.C. § 3553(a) factors and thus imposed a sentence that was greater than necessary to accomplish the purposes of federal sentencing. After careful review, we affirm.

First, the government presented sufficient evidence for the jury to conclude beyond a reasonable doubt that Williams knowingly possessed the firearm.[1] To establish knowing possession, the government "need only show constructive possession . . . [which] exists when the defendant exercises ownership, dominion, or control over the item or has the power and intent to exercise dominion or

---

[1] To obtain a conviction for being a felon in possession of a firearm, the government must prove that (1) the defendant was a convicted felon, (2) the defendant was in knowing possession of a firearm, and (3) the firearm was in or affecting interstate commerce. 18 U.S.C. § 922(g)(1); United States v. Beckles, 565 F.3d 832, 841 (11th Cir. 2009). Because the parties stipulated at the beginning of trial to Williams' status as a convicted felon and the firearm's effect on interstate commerce, the only issue before the jury was whether Williams knowingly possessed the firearm.

control." United States v. Beckles, 565 F.3d 832, 841 (11 th Cir. 2009) (citation and internal quotation marks omitted). The government presented evidence that the firearm was found two feet from Williams in the bedroom of the residence where he lived with his girlfriend, Letitia Jackson, and their child. Jackson also testified that Williams had referred to his new "iron" while patting the bag in which the firearm was later discovered, had told her after they were arrested that they were done for if the police found the "Tech,"[2] and had written her a letter from jail asking her to testify that he only visited their residence from time to time. The jury was entitled to credit Jackson's testimony and conclude that Williams constructively possessed the firearm, and was thus guilty of violating 18 U.S.C. § 922(g)(1).

The government also presented sufficient evidence for the jury to conclude beyond a reasonable doubt that Williams knowingly possessed crack cocaine. As in the case of the firearm possession offense, the government need only prove that Williams constructively possessed the crack cocaine to obtain a conviction. United States v. Hernandez, 433 F.3d 1328, 1333 (11th Cir. 2005). At trial, the government presented evidence that the crack cocaine was found in the bedroom where Williams was sleeping next to personal items belonging to him. This

---

[2] The semi-automatic pistol at issue was an Intratec, Model AB-10, 9mm handgun.

evidence, along with the evidence that Williams lived at the residence and Jackson's testimony that she did not know that the drugs were there, was sufficient for the jury to reasonably conclude that Williams constructively possessed the crack cocaine, and was thus guilty of violating 21 U.S.C. § 844(a). Therefore, we affirm Williams's convictions.

We also conclude that the district court did not abuse its discretion by sentencing Williams to 70 months imprisonment, the low end of his sentencing guidelines range.[3] Williams argues that his sentence was procedurally and substantively unreasonable because the district court failed to properly consider the 18 U.S.C. § 3553(a) factors – specifically § 3553(a)(1), which requires consideration of the history and characteristics of the defendant – by not considering Williams's mental health history and the physical and emotional abuse he was subjected to by his father, which he contends resulted in a sentence greater than necessary to accomplish the purposes of federal sentencing. However, the record shows that the district court heard argument by counsel on Williams's mental health history and history of abuse and considered the § 3553(a) factors, including Williams's history and characteristics, and thus committed no

---

[3] Williams does not challenge the district court's calculation of his sentencing guidelines range.

procedural error.

Nor is Williams's sentence substantively unreasonable. The district court explained that a downward variance from the sentencing guidelines range would be inappropriate due to the seriousness of the offense – including the presence of a child in the home with the firearm and drugs, and Williams's attempt to suborn perjury from Jackson – Williams's criminal history, and the likelihood of recidivism. Williams's 70-month sentence, at the low end of his guidelines range, falls within the range of reasonable sentences dictated by the facts of the case. Therefore, we affirm Williams's sentence.

**AFFIRMED.**